UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KERRIE MOORE and KELLIE MOORE,

Plaintiffs,

v.

KING COUNTY FIRE PROTECTION
DISTRICT NO. 26, et al.,

Defendants.

CASE NO. C05-442JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on the motion of King County Fire Protection District No. 26 ("the District") to compel arbitration of this action. (Dkt. # 12). No party has requested oral argument, and the court finds the motion appropriate for disposition on the basis of the parties' briefing and accompanying declarations. For the reasons stated below, the court DENIES the District's motion.

## II. BACKGROUND

Plaintiff Kerrie Moore was a firefighter in King County until the District discharged him in April 2004. In the months leading up to his discharge, Mr. Moore suffered from a kidney condition that allegedly caused pain that occasionally interfered

ORDER – 1

with his ability to work.  Mr. Moore alleges that in discharging him, the District[1] unlawfully discriminated against him on the basis of that disability, and also retaliated against him for providing a statement in an investigation of an alleged sexual harassment incident between one of the Defendants and a police officer.   Mr. Moore brought claims under Washington's Law Against Discrimination ("WLAD") for retaliation, disability discrimination, and aiding and abetting discrimination.  He also brought state law claims for wrongful termination in violation of public policy, defamation, and loss of consortium, as well as a claim under 42 U.S.C. § 1983.

While working at the District, Mr. Moore was a member of the International Association of Firefighters local union branch.  The union and the District had a collective bargaining agreement ("CBA") that required employees to engage in a process to resolve any "grievance."  After exhausting internal dispute resolution procedures, the CBA required employees to submit their grievances to binding arbitration.  CBA Article 12, Sect. 3.  The CBA defined "Grievances" as "disputes involving the interpretation or application of specific terms of this agreement."  CBA Art. 12, Sect. 1.

The District contends that the CBA mandates that an arbitrator decide all of Mr. Moore's claims.

### III.  ANALYSIS

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving

---

[1] Although Mr. Moore names several District personnel in his complaint, the court will refer to the District and the Defendant employees collectively as "the District," as the role of the individual Defendants is not relevant to the disposition of this motion.

ORDER – 2

party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). Reasonable doubts as to the existence of material facts are resolved against the moving party and inferences are drawn in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Where a question presented is purely legal, summary judgment is appropriate without deference to the non-moving party.

At the outset, the court must decide whether to resolve this motion under Washington law, the Federal Arbitration Act ("FAA"), or the Labor Relations Management Act ("LMRA"). The court eliminates the LMRA as a contender, as it is not applicable to agreements where the employer is a "[s]tate or political subdivision thereof . . . ." The District is undisputedly a political subdivision of the State of Washington. The court is tempted to also eliminate the FAA as governing law, following acronym-rich Ninth Circuit precedent holding that the FAA does not apply to CBAs. See PowerAgent Inc. v. Elec. Data Sys. Corp., 358 F.3d 1187, 1193 (9th Cir. 2004). Following that precedent, however, would require the court to resolve a conflict with at least one Washington court that found that the FAA applies to CBAs. Brundridge v. Fluor Fed. Servs. Inc., 35 P.3d 389, 394 (Wash. Ct. App. 2001). The court need not resolve the conflict, because it reaches the same result on this motion whether it applies Washington law or the FAA.

Under either Washington law or the FAA, there is ordinarily a broad presumption that a dispute falls within the scope of an arbitration clause. A court must find a dispute arbitrable "unless it may be said with positive assurance that the arbitration clause is not

ORDER – 3

susceptible of an interpretation that covers the asserted dispute." <u>Peninsula Sch. Dist. v. Pub. Sch. Employees of Peninsula</u>, 924 P.2d 13, 19 (Wash. 1996) (quotation omitted). The court must indulge a "strong presumption in favor of arbitrability" under which "all questions . . . are presumed to be within the arbitration provisions unless negated expressly or by clear implication." <u>Id.</u> (quotation omitted).

Even under this strong presumption of arbitrability, the court would have difficulty concluding that an arbitration clause that covers only "disputes involving the interpretation or application of specific terms" of the CBA is broad enough to encompass claims of workplace discrimination, defamation, and constitutional rights. Reviewing the grievance resolution procedures set forth in the CBA, the court doubts that the District and union intended to submit questions of anti-discrimination law and constitutional law to the Board of Fire Commissioners and then to an arbitrator. <u>See</u> <u>Brundridge</u>, 35 P.3d at 394 (noting that "a labor arbitrator has authority solely to resolve questions of contractual rights, not to invoke public laws that conflict with the bargain between the parties."). The court need not decide that issue, however, as it holds that no presumption of arbitrability applies here.

Under the FAA, no presumption of arbitrability applies when deciding whether an individual's claims are arbitrable under a CBA. In <u>Brundridge</u>, the court looked to the Supreme Court's decision in <u>Wright v. Universal Mar. Serv. Corp.</u>, 525 U.S. 70 (1998), and acknowledged that CBAs are "less than optimum in meeting the individual needs of particular workers." 35 P.3d at 394. Rather than apply the presumption of arbitrability, the court invoked the <u>Wright</u> holding that a CBA arbitration clause does not cover an individual's claims unless it does so "clear[ly] and unmistakabl[y]." <u>Id.</u>; <u>Wright</u>, 525 U.S. at 79-80.

ORDER – 4

Construing a CBA arbitration clause nearly identical to the one at issue here, the Brundridge court held that the CBA "[did] not contain a clear and unmistakable waiver of the [workers'] rights to a judicial forum for state-law claims." 35 P.3d at 394. The CBA required binding arbitration for any disputes "aris[ing] out of the interpretation or application of this AGREEMENT." Id. The court held that the workers' claims of wrongful discharge in violation of public policy were not arbitrable. Id. (noting that "boilerplate arbitration provision" was not sufficient to deprive workers of a judicial forum).

Applying the FAA, the court holds that the arbitration clause in the CBA at issue here did not "clearly and unmistakably" waive Mr. Moore's right to pursue his state and federal law claims in a judicial forum. If the District wished to eliminate union workers' rights to pursue Washington common law claims, WLAD claims, and federal statutory claims, it should have included much more specific language.

The court reaches the same result applying Washington law. Under Washington law, the FAA, and the LRMA, courts are ordinarily subject to identical presumptions of arbitrability. Peninsula Sch. Dist., 924 P.2d at 19 (stating presumption for "public sector labor management disputes"); Wright, 525 U.S. at 78 (stating LRMA presumption), at 77 n.1 (noting that "the FAA presumption and the LRMA presumption are the same"). Although it appears that no court applying solely Washington law has considered whether the presumption of arbitrability yields to the individual rights considerations for arbitration clauses within a CBA, there is no reason to expect that a court would reach a conclusion inconsistent with either Brundridge or Wright. The District cites numerous Washington cases holding that an individual can waive rights under the WLAD and other state law in an arbitration agreement, but each of those cases considered an individual's personal agreement with his employer, not a CBA. E.g., Adler v. Manor, 103 P.3d 773

ORDER – 5

(Wash. 2004); <u>Zuver v. Airtouch Communications, Inc.</u>, 103 P.3d 753 (Wash. 2004); <u>Tjart v. Smith Barney, Inc.</u>, 28 P.3d 823 (Wash. Ct. App. 2001). Every Washington court that has considered the scope of an arbitration clause under a CBA as it applies to an individual worker's claims has declined to apply a presumption of arbitrability.[2]

### IV. CONCLUSION

For the foregoing reasons, the court DENIES the District's motion to resolve this action in arbitration. (Dkt. # 12).[3]

Dated this 2nd day of August, 2005.

                                                  _(signature)_
                                                  JAMES L. ROBART
                                                  United States District Judge

---

[2] Although the holding in <u>Baker v. Kaiser Aluminum & Chem. Corp.</u>, 951 F. Supp. 953 (E.D. Wash. 1996), is not binding on the court, the court finds that it is distinguishable. In <u>Baker</u>, there was substantial evidence showing that the union and employer had intended discrimination disputes to fall under the CBA's arbitration clause. Moreover, the <u>Baker</u> court applied a presumption of arbitrability (<u>id.</u> at 958-59), an option that <u>Wright</u> foreclosed two years later.

[3] After briefing on this motion concluded, Plaintiffs filed a surreply, to which Defendants responded with a surreply of their own. Neither party complied with this court's rules regarding surreplies. Local Rules W.D. Wash. CR 7(g). The court has reluctantly considered both parties' improper surreplies, and found them of no assistance in deciding this motion. The parties are reminded to follow the local rules in the future.

ORDER – 6