UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KERRIE MOORE and KELLIE MOORE, <br><br> Plaintiffs, <br><br> v. <br><br> KING COUNTY FIRE PROTECTION DISTRICT NO. 26, et al., <br><br> Defendants. | CASE NO. C05-442JLR <br><br> ORDER |

## I. INTRODUCTION

This matter comes before the court on two related discovery motions (Dkt. ## 35, 43) from King County Fire Protection District No. 26 and the individual Defendants who work for it (collectively "the District"). No party has requested oral argument, and the court finds the motion appropriate for disposition on the basis of the parties' briefing and accompanying declarations. For the reasons stated below, the court DENIES the District's motions.

## II. BACKGROUND

Plaintiff Kerrie Moore was a firefighter in King County until the District discharged him in April 2004. In the months leading up to his discharge, Mr. Moore

ORDER – 1

suffered from a kidney condition that allegedly caused pain that occasionally interfered with his ability to work. Mr. Moore alleges that in discharging him, the District unlawfully discriminated against him on the basis of that disability, and also retaliated against him for providing a statement in an investigation of an alleged sexual harassment incident between one of the Defendants and a police officer. Mr. Moore brought claims under Washington's Law Against Discrimination ("WLAD") for retaliation, disability discrimination, and aiding and abetting discrimination. He also brought state law claims for wrongful termination in violation of public policy, defamation, and loss of consortium, as well as a claim under 42 U.S.C. § 1983 ("Section 1983").

The parties began discovery in June of this year, and the torrent of recent motions from both parties provides ample evidence that discovery has been active. Each individual Defendant propounded discovery on the Moores, received responses, and noted the depositions of Mr. and Mrs. Moore. Plaintiffs have also sought discovery and received responses from each individual Defendant as well as the District. Nevertheless, on September 26, 2005, Defendants changed course by filing this motion and asserting that the individual Defendants would respond to no further discovery (including their scheduled depositions) until the court resolved a motion for summary judgment on various qualified immunity defenses.

### III. ANALYSIS

Qualified immunity provides no basis for the District's sudden decision to cease participation in discovery. First, the Moores have brought numerous state law claims to which the qualified immunity defense is plainly inapplicable. Second, even as to the Section 1983 claim to which qualified immunity might apply, the District has ignored Ninth Circuit precedent that establishes how and when the defense operates as a shield from discovery obligations.

ORDER – 2

No in-depth understanding of Section 1983 and qualified immunity law is necessary to resolve these motions. Section 1983 provides a remedy to citizens deprived of the protections of the United States Constitution or other laws by individuals acting "under color of law." S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 887 (9th Cir. 2003). Qualified immunity is a defense to liability under Section 1983 that applies, in general, when the accused official reasonably believed his conduct to be lawful. Harlow v. Fitzgerald, 457 U.S. 800, 813-819 (1982).

When the District withdrew from discovery under the auspices of a qualified immunity defense, it inexplicably failed to acknowledge Plaintiffs' state law claims and their impact on its refusal to provide further discovery. The District must have been aware of Plaintiffs' state law claims, and yet it made no mention of them in its motion invoking the qualified immunity defense. Not until Plaintiffs noted that qualified immunity has no application to their state law claims did the District belatedly argue in its reply brief that a species of qualified immunity applied to the state law claims as well. The court need not consider arguments raised for the first time in a reply brief (e.g., Crowe v. County of San Diego, 303 F. Supp. 2d 1050, 1114 (S.D. Cal. 2004)), especially where the District has no basis for not raising those arguments in its initial motion. Even if the court were to consider the District's arguments, it would find them unpersuasive. Although the District correctly notes that Washington law supports various immunity defenses, it fails to show that these defenses apply to all of Plaintiffs' state law claims, and it cites no authority for using state law immunity as a discovery shield.

The District might plausibly have argued that the court should enter a protective order limited solely to discovery on Plaintiffs' Section 1983 claims. It did not do so. It asserted a blanket immunity from discovery on all of Plaintiffs' claim. The court finds no merit in this position.

ORDER – 3

Even if the court were to ignore that qualified immunity is inapplicable to most of the claims in this case, the District has failed to consider the proper procedure for invoking qualified immunity as a discovery shield. To be sure, qualified immunity can serve as such a shield. Defs.' Mot. at 4 (citing Harlow, 457 U.S. at 818). The Ninth Circuit, however, has explained how a defendant should invoke qualified immunity to protect himself from discovery burdens. E.g., Butler v. San Diego Dist. Attorney's Office, 370 F.3d 956, 963-64 (9th Cir. 2004). Where a plaintiff's complaint does not state facts sufficient to overcome the qualified immunity hurdle, a defendant may dispose of the action on a motion to dismiss without facing discovery. Id. at 964. If the plaintiff survives the motion to dismiss, however, the court must at least permit sufficient discovery to address the qualified immunity defense. Id. The District points to no authority for the notion that qualified immunity permits a unilateral withdrawal from all discovery obligations after months of discovery, and the court is aware of none.

The District has no basis, equitable or legal, to refuse to provide discovery at this stage of the proceeding. The District made no attempt to invoke qualified immunity in a motion to dismiss.[1] Instead, the District commenced discovery without objection. Now, it seeks to turn off the discovery "faucet." A quick examination of the District's not-yet-ripe motion for summary judgment on qualified immunity reveals that the District relies on Plaintiffs' discovery responses to support its contentions. The District thus asks the court to allow it to rely on the fruits of discovery while insisting that it has no obligation to provide its own discovery responses. The court declines to do so.

---

[1] The District repeatedly asserts that it pleaded qualified immunity in its answer. This is irrelevant. Defendants did not assert qualified immunity as a discovery shield until it filed the instant motion.

ORDER – 4

The District's legally groundless withdrawal from discovery supports an imposition of sanctions. The court finds no reasonable basis for insisting that a defense that does not apply to the majority of the claims in this case is nonetheless a basis for abrogating all discovery responsibilities. Moreover, the court finds that a reasonable legal inquiry would have revealed that qualified immunity serves as a discovery shield only under certain circumstances. The District's failure to recognize that authority or to bring it to the court's attention is, to say the least, disappointing. The court has inherent power under Fed. R. Civ. P. 37(a)(4)(A) to force a party who brings a discovery motion that is not "substantially justified" to bear the expenses associated with that motion. The court finds no substantial justification for the District's position in these motions,[2] and thus orders it to reimburse Plaintiffs for their expenses and attorneys' fees in opposing them. The court lacks a factual basis to know who, between the District and the District's counsel, decided to assert an unsupportable legal position. The court therefore cannot decide who should bear the expenses and fees. The District and District's counsel should consider the spirit of this order in allocating the expenses and fees.

Finally, the court declines the District's request for a "protective order providing that defendants sufficiently answered interrogatories and requests for production." Defs.' Mot. at 7. The District provides no context for this request. It apparently expects the court to review all of its discovery responses and determine whether its answers have been adequate. The court is in no position to do so. The District must support its

---

[2]In addition to its misplaced reliance on qualified immunity as a discovery shield, the District contends that discovery poses an undue burden because the individual "Defendants selflessly put their lives on the line every day." Defs.' Mot. at 2. The court appreciates the firefighters' public service, but to argue that their service relieves them of discovery obligations is inappropriate.

ORDER – 5

assertions that it has provided sufficient discovery with particularized evidence. The court therefore DENIES this portion of the District's motion as well.

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES the District's discovery motions asserting qualified immunity as a discovery bar (Dkt. # 35, 43).

Dated this 13th day of October, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 6