1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KERRIE MOORE and KELLIE MOORE,

               Plaintiffs,

     v.

KING COUNTY FIRE PROTECTION
DISTRICT NO. 26, et al.,

               Defendants.

CASE NO. C05-442JLR

ORDER

## I.  INTRODUCTION

This matter comes before the court on a motion (Dkt. # 34) from King County Fire Protection District No. 26 and the individual Defendants who work for it (collectively the "District").  No party has requested oral argument, and the court finds the motion appropriate for disposition on the basis of the parties' briefing and accompanying declarations.  For the reasons stated below, the court DENIES the motion.

## II.  BACKGROUND

Plaintiff Kerrie Moore was a firefighter in King County until the District discharged him in April 2004.  In the months leading up to his discharge, Mr. Moore suffered from a kidney condition that allegedly caused pain that occasionally interfered

ORDER – 1

with his ability to work.  He took at least one leave of absence related to that disability.

Mr. Moore alleges that in discharging him, the District unlawfully discriminated against

him on the basis of his disability, and also retaliated against him for providing a

statement in a 1996 investigation of an alleged sexual harassment incident between one

of the Defendants and a police officer.   Mr. Moore brought claims under Washington's

Law Against Discrimination ("WLAD") for retaliation, disability discrimination, and

aiding and abetting discrimination.  He also brought state law claims for wrongful

termination in violation of public policy, defamation, and loss of consortium, as well as a

claim under 42 U.S.C. § 1983 ("Section 1983").

     Mr. Moore propounded discovery on the District seeking information to support

his retaliation and disability discrimination claims.  That discovery included a number of

interrogatories and requests for production ("RFPs") that sought information on other

District employees.  The District seeks an order that it need not respond to this discovery

because it infringes on the privacy rights of its employees and because the discovery

poses an undue burden.

### III.  ANALYSIS

     The court will address this motion only as it pertains to its responses to Mr.

Moore's first set of interrogatories and RFPs to the District.  Although the District argues

that it merits a protective order as to five other sets of interrogatories and RFPs that Mr.

Moore served on individual Defendants,[1] it fails to point to a single example of an

objectionable discovery request in any of those sets.  It appears that the District expects

the court to pore through these documents (which total more than 100 pages) in search of

---

[1] Plaintiffs propounded a set of discovery requests on Defendants David Lawrence, James Polhamus, Gary Bollinger, Jerry Harris, and James Fossos.

ORDER – 2

objectionable requests.  The court declines to do so.  The District bears the burden of pointing out specific discovery requests and explaining the basis of its objection to them. Because the District has not met that burden here, the court denies the District's motion as it pertains to these sets of discovery requests.

The only specific discovery requests that the District has highlighted for the court's review are a series of interrogatories and RFPs that Plaintiffs propounded on it seeking information about employees who worked for the District since Mr. Moore began working there in 1981.  The District claims that these requests seek "pretty much . . . every nonparty personnel document or information contained therein in the District's possession back to 1981."  District's Mot. at 7.  This claim is preposterous.  Only one of the requests seeks any information about all of the District's employees in that time period, and that request seeks only identifying information.  The remaining requests seek carefully defined information about subsets of employees.  For example, one seeks information about employees who were required to submit to tests and drills similar to those that the District required Mr. Moore to submit to after returning from his leave of absence.  Interrog. No. 8.  Another seeks information about the treatment of employees like Mr. Moore whom the District terminated for alleged "dereliction of duty."  Interrog. No. 18.  Without enumerating every example, the court notes that each request that the District identifies seeks information on a similarly defined subset of District employees from 1981 to 2004.

Mr. Moore's requests meet the broad relevance standard for discovery.  A party has a presumptive entitlement to discovery of information that "appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b).  Mr. Moore's requests pass this test, as his requests appear reasonably calculated to lead to the discovery of evidence that may support his retaliation and disability discrimination

ORDER – 3

claims.  This case presents a typical employment discrimination dispute.  Mr. Moore contends that the District fired him for discriminatory and retaliatory reasons; the District contends that it fired him because he did not meet their legitimate expectations.  Mr. Moore's requests will yield information about the District's expectations and treatment of other similarly situated employees.  Mr. Moore may be able to use this information to cast doubt on the District's stated bases for his termination.  To take just one example, discovery regarding employees who were subjected to testing and drills on their return from a leave of absence may allow Mr. Moore to show that the District discriminated or retaliated against him because they did not subject other employees in the same position to the same testing.[2]  A similar analysis applies to the other challenged discovery requests.

Mr. Moore's presumptive entitlement to broadly-defined "relevant" evidence can yield where the responding party can show that the request would subject it to "annoyance, embarrassment, oppression, or undue burden or expense . . . ."  For the most part, however, the District fails to make this showing.

The District's claim that the challenged requests would cause annoyance or embarrassment provides no basis for its refusal to provide discovery.  Without pointing to a single example or providing explanation, the District claims that responding to Mr. Moore's requests "could potentially be highly annoying and embarrassing to the District's non-party employees."  Polhamus Decl. ¶ 3.  Even assuming that the District had supported this assertion with evidence, the appropriate means to protect the privacy

_____

[2]The District is afflicted with tunnel vision in assessing the relevance of Plaintiffs' requests.  The District insists that Plaintiffs could only use the requests to establish a "pattern or practice" of discrimination, but offers no support for this assertion.  Plaintiffs' requests do not seek information on discrimination against other employees.  They generally seek information establishing that other employees received better treatment than Mr. Moore.

ORDER – 4

of the District's employees is to impose a protective order that restricts the disclosure of information Mr. Moore acquires during discovery.  The District is aware of this, if for no other reason that it has already encountered the issue in opposing Plaintiffs' previous motion for a protective order protecting their medical records.  Although the court resolved that issue by requiring the parties to agree to a means of protecting those records from unwarranted disclosure, the District has apparently refused to discuss that possibility with Plaintiffs.  The District tests the court's patience.  The parties' counsel shall meet and confer within two days of this order and shall agree upon an appropriate order ensuring the confidentiality of private information related to the District's employees.  If the parties are unable to do so, they shall schedule a teleconference with the court before the end of this week.

As to the other basis for the District's motion, its allegations of undue burden, the court finds that most of Mr. Moore's discovery requests are reasonable under the circumstances.  A few limitations are appropriate.  First, given the nature of the allegations in this dispute, the court sees little reason for permitting discovery that reaches back to 1981.  The earliest important event in this action is Mr. Moore's participation as a witness in a sexual harassment investigation in 1996.  Discovery regarding other employees reaching back to 1994 should be adequate.  This leaves Plaintiffs a reasonable 10-year period from which to seek information about other employees.  Second, the District need not respond to Interrogatory No. 1, which seeks fairly extensive identifying information[3] about every District employee.  The relevance of this information is not obvious.  Plaintiffs explain that they wish to "obtain a list of

---

[3]The requested identification information includes a current address, telephone number, place of employment, and more for every current or former District employee.  Pltfs. First Interrogs. at 5.

ORDER – 5

possible witnesses to the fact that the District treated Mr. Moore as a well-liked, well-respected, 'go to' firefighter" before his 1996 witness statement.  Their justification is not compelling.  Mr. Moore can undoubtedly locate favorable witnesses in a manner that does not require the District to bear the burden of identifying every one of its employees over the last ten years.  As to the remainder of the discovery requests, the District has not demonstrated an undue burden.  The District must respond to Plaintiffs' discovery.

Finally, the court directs the District and its counsel to cease the practice of using the District's status as a firefighting agency as a basis for resisting discovery.  The District's chief has provided a declaration stating that:

> The District and its employees are first responders charged with the protection of the citizens of the community.  It is our job to put our lives on the line every day to save the lives and property of other people.  To force the District to divert its resources from protecting the community to researching every single employee that has worked in the District since 1981 would be an undue burden and expense . . . .

Polhamus Decl. ¶ 4.  The District sings this refrain repeatedly in its motion, as it has in other motions.  The court orders it to stop the music.  The District seems to suggest that King County buildings may burn to the ground because its firefighters will be too busy responding to discovery.  The court is confident that this is not the case.  The court realizes that discovery burdens the District, but the District cannot cite a shred of authority compelling the court to treat it any differently than every other litigant who must bear the burden of discovery.  Police departments, fire departments, ambulance services, and a host of other entities dedicated to public safety are subject to suit.  They are also subject to discovery.  They receive the court's appreciation for their service, but they do not receive special treatment.

ORDER – 6

**IV.  CONCLUSION**

For the foregoing reasons, the court DENIES the District's motion for a protective order (Dkt. # 34).  Subject to the limitations the court has imposed, it must respond to the challenged discovery requests.  Because the parties must first agree to a protective order that preserves the confidentiality of the District's employee records, the court declines to place a time limit on the District's responses to these discovery requests. The court will look harshly, however, on any unreasonable attempt to delay those responses, which are long overdue.

Dated this 26th day of October, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 7