UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KERRY MOORE and KELLIE MOORE,

    Plaintiffs,

    v.

KING COUNTY FIRE PROTECTION DISTRICT NO. 26, et al.,

    Defendants.

CASE NO. C05-442JLR

ORDER

This matter comes before the court on a motion for leave to file a motion to dismiss by King County Fire Protection District No. 26 (the "District") and various other individual Defendants (Dkt. # 177). Defendants seek leave to file a motion to dismiss Mr. Moore's disability discrimination and failure to accommodate claims. Defendants allege that the Washington Supreme Court's decision in <u>McClarty v. Totem Elec.</u>, 137 P.3d 844 (Wash. July 6, 2006), vitiates Mr. Moore's disability claims by adopting a new definition for disability. Defendants represent that <u>McClarty</u> effects a substantial change in Washington disabilities jurisprudence. The relevant portion of the opinion reads as follows:

> To provide for a single definition of "disability" that can be applied consistently throughout the WLAD, we adopt the definition of disability as

ORDER – 1

set forth in the federal Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12209.  We hold that a plaintiff bringing suit under the WLAD establishes that he has a disability if he has (1) a physical or mental impairment that substantially limits one or more of his major life activities, (2) a record of such an impairment, or (3) is regarded as having such an impairment.

Id. at ___.  Defendants argue that the ADA's definition of disability would be dispositive, and therefore ask the court to allow additional briefing on the question.

The parties did not dispute Mr. Moore's disability in their recent motions for summary judgment.  Nevertheless, the court is very familiar with the facts of this case and with the particular details of Mr. Moore's injury.  The court is also familiar with testimony about the perception of Mr. Moore's injury.  On that basis, the court concludes that material questions of fact would preclude summary judgment on the question of whether Mr. Moore had a disability under the ADA definition.  Even if Defendants were able to show that Mr. Moore does not have an impairment that limits (or limited) a major life activity, material questions of fact would still preclude summary judgment on whether he was regarded as having such an impairment.  The jury will decide these questions.  No further briefing is required and the Defendants' motion for leave to file a motion to dismiss is DENIED.[1]

Dated this 29th day of August, 2006.

JAMES L. ROBART
United States District Judge

---

[1] Defendants' "request" for leave was actually a motion and should have been calendared on the seven-day noting schedule.  See Local Rules W.D. Wash. CR 7(d).  The court considers Defendants' motion only because the court's denial of their motion does not prejudice Plaintiffs Moore.

ORDER – 2