UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KERRIE MOORE and KELLIE MOORE,

Plaintiffs,

v.

KING COUNTY FIRE PROTECTION DISTRICT NO. 26, et al.,

Defendants.

CASE NO. C05-442JLR

ORDER

This matter comes before the court on Plaintiffs' motions in limine (Dkt. ## 170, 172), Defendants' motions in limine (Dkt. ## 166, 168), a motion to strike from Plaintiffs (Dkt. # 179), and a motion to strike from Defendants (Dkt. # 203). The court has reviewed the parties' pleadings, and has heard from the parties at the pretrial conference regarding certain motions.

**I.    Plaintiffs' Multi-part Motion**

The court adopts Plaintiffs' numbering for purposes of addressing their ten-part motion in limine (Dkt. # 172). To avoid confusion, the court will refer to each part of this motion as a "request."

ORDER – 1

The court DENIES Plaintiff's first request.  Mr. Moore's allegedly inappropriate behavior on the job is relevant to the extent it provides a non-retaliatory explanation for any animosity that Chief Lawrence exhibited toward Mr. Moore.  The court cautions Defendants that it will permit evidence of Mr. Moore's inappropriate behavior only to the extent that it is relevant to this purpose.  Whatever "inappropriate" behavior Mr. Moore may have engaged in, the evidence shows that the District knew about this behavior, and yet terminated him solely for his excessive absenteeism.

The court notes that in opposing this request, as in several others, the District improperly attempts to rely on the rule for after-acquired evidence first announced in McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 361-62 (1995).  This rule applies only when a defendant accused of terminating a plaintiff for an improper purpose learns, *after termination*, of a legitimate alternate reason for termination.  See id.; see also Janson v. North Valley Hosp., 971 P.2d 67, 72 (Wash. Ct. App. 1999) (applying McKennon rule to discrimination claims under Washington law).  Here, there is no evidence that any Defendant learned of Mr. Moore's "inappropriate" workplace behavior *after* the District terminated him.  Instead, they knew of his inappropriate behavior when it occurred, and chose not to terminate him for it.

The court DENIES Plaintiffs' second request, which seeks a blanket order excluding any mention of Mr. Moore's use (or abuse) or prescription painkillers and alcohol.  Defendants may, *through qualified expert witnesses only*, seek to prove that Mr. Moore's emotional distress is due in part to his drug and alcohol use.  They may also seek to prove, *through qualified medically-trained witnesses only*, that the absenteeism which led to Mr. Moore's termination was caused by his drug and alcohol use rather than another medical condition.  The court reiterates its statement at the pretrial conference

that it will not permit the trial to devolve into a sideshow presentation of Mr. Moore's struggles with painkillers and alcohol.

Defendants also seek to portray evidence of Mr. Moore's drug and alcohol use as after-acquired evidence justifying termination. On the record before the court, the court is not satisfied that there is any *after-acquired* evidence of drug use that would justify termination. The evidence reveals that the District was aware for many years that Mr. Moore had issues relating to painkiller use, but chose not to discipline him. Thus, the court rules that before presenting evidence of drug or alcohol use to support an after-acquired basis for terminating Mr. Moore, Defendants must make an offer of proof outside the presence of the jury.

The court DENIES Plaintiffs' third request. The court declines to impose a blanket prohibition on evidence that Mr. Moore was terminated for reasons other than his excessive absenteeism. The court notes however, that Chief Polhamus testified on two separate occasions that the District's sole basis for terminating Mr. Moore was his excessive absenteeism. If the District presents contrary evidence, they will be impeaching their own witness.

The court GRANTS Plaintiffs' fourth request. The District may not present evidence that Mr. Moore violated the District's attendance policy prior to his February 2004 injury. The District may, however, present evidence that it accommodated Mr. Moore by not rigidly applying its rule requiring advance notice before commencing medical leave.

The court GRANTS Plaintiffs' fifth request. The District may not argue that paying a judgment in this action would strain its financial resources, nor may it argue that the judgment would adversely affect the firefighting services the District provides. In addition, the court reiterates its prior ruling that the District may not argue to the jury that

ORDER – 3

it is deserving of special treatment because its firefighters provide a valuable public service.

The court GRANTS Plaintiffs' sixth and seventh requests. With the dismissal of Mr. Moore's due process claims, the collective bargaining agreement no longer plays a role in this action. Defendants may not argue that the termination of Mr. Moore complied with the agreement, and Plaintiffs may not argue that the termination violated the agreement. The court also finds that Mr. Moore's failure to grieve his termination with his union is irrelevant.[1]

The court GRANTS Plaintiffs' eighth request. The court finds no competent evidence that Mr. Moores' sexual abuse as a minor has any impact on the emotional distress he experience as a result of Defendants' conduct.

The court GRANTS Plaintiffs' ninth request. Putting aside the numerous hearsay concerns arising from Chief Polhamus's communications with the Washington Department of Labor and Industries, the opinion of the Department's employees regarding the propriety of Mr. Moore's termination is irrelevant.

The court GRANTS Plaintiffs' tenth request. The court finds Mr. Moore's failure to appear at the Board of Commissioners' meeting is not relevant to his remaining claims or to his damages.

## II. Plaintiffs' Motion to Exclude Testimony from Dr. Tye Hunter

As the court expressed at the pretrial conference, the court has grave concerns regarding Dr. Hunter's methodology and conclusions. The parties' briefing, however, does not provide the court with sufficient basis to rule on the admissibility of his

---

[1] Throughout this order, a ruling that evidence is "irrelevant" is shorthand for a ruling that the evidence either has no relevance, or such little relevance that its "probative value is substantially outweighed" by the concerns of prejudice, confusion, or waste of time expressed in Fed. R. Evid. 403.

ORDER – 4

testimony. The court therefore DENIES Plaintiffs' motion to exclude Dr. Hunter (Dkt. # 170) without prejudice. The court will reconsider Plaintiffs' arguments after a <u>Daubert</u> hearing. The parties shall contact the court as soon as possible regarding scheduling the hearing. Only two witnesses will testify at the hearing: Dr. Hunter and Dr. Andrea Jacobsen.

**III.  Plaintiffs' Motion to Strike**

The court DENIES Plaintiffs' motion to strike (Dkt. # 179), and notes that the court seriously considered sanctioning Plaintiffs' counsel for bringing this motion. Defense counsel immediately cured their violation of the protective order when counsel notified them. Nonetheless, Plaintiffs brought an improper motion to strike[2], for no discernible valid reason. The court finds no merit in the motion.

**IV.  Defendants' Multi-part Motion in Limine**

Defendants have filed a 26-part motion in limine (Dkt. # 166). Except as stated below, the court DENIES the motion without prejudice to raising specific objections to testimony during trial. Thirteen of the 26 parts of the motion are requests that the court resolve the relevance of particular snippets of witness testimony based solely on the transcript of the witness's deposition and a few sentences of argument from counsel. Neither the transcripts nor the briefing provide the court with a sufficient basis to rule for or against Defendants.

The court DENIES Defendants' first request. The motion appears to be a request that the court enforce Fed. R. Civ. P. 15. The parties can safely assume that the court will apply the Federal Rules of Civil Procedure, but Defendants' request gives the court

---

[2] Despite Plaintiffs' suggestion to the contrary, they are not at liberty to ignore this District's local rules when they deem an issue to be of sufficient importance. <u>See</u> Local Rules W.D. Wash 7(g) (prohibiting separately-filed motions to strike).

ORDER – 5

no examples of an theory of relief not presented in Plaintiffs' pleadings, and thus no basis for a ruling.

The court GRANTS Defendants' second request. No non-party witnesses may observe courtroom proceedings until he or she has testified. The court also directs the parties to meet and confer to consider, in light of the court's prior rulings, whether any of the Defendants originally named in this action should be dismissed as parties.

The court GRANTS Defendants' third request. No witness or attorney may discuss or mention the District's liability insurance.

The court GRANTS in part and DENIES in part Defendants' fourth request. As stated at the pretrial conference, parties must give notice of witnesses who will testify live or by deposition at the close of trial on the preceding day. This ruling does not apply to exhibits.

The court DENIES Defendants' fifth request. Plaintiffs can decline to present damages arguments during closing argument at their peril. If they do so, provided that Defendant does not present damages arguments during closing argument, Plaintiffs will not be permitted to present damages arguments for the first time in rebuttal argument.

The court DENIES Defendants' sixth request without prejudice. Defendants have provided no examples of any objectionable medical records. The court is therefore without sufficient basis to decide whether it should exclude portions of certain medical records.

The court GRANTS Defendants' seventh request. Evidence of either parties' litigation expenses is not admissible at trial.

The court GRANTS in part and DENIES in part Defendants' eighth request. Neither party may suggest or argue that the District's decision to reinstate Mr. Moore has any bearing on whether the District's prior conduct was lawful or unlawful. With that

ORDER – 6

caveat, however, it is clear to the court that it will be impossible to present this case to a jury without revealing that Mr. Moore was reinstated after this litigation began.

The court GRANTS in part and DENIES in part Defendants' ninth request. Generally speaking, neither parties' relative wealth or poverty is relevant in this action. To the extent that Mr. Moore's financial concerns compounded his emotional distress, however, such evidence is relevant.

The court GRANTS Defendants' tenth request, which seeks to exclude "inflammatory hyperbolae" [sic][3] from counsel.

The court GRANTS Defendants' eleventh request. Counsel should familiarize themselves with the courtroom technology. If counsel use the technology properly, it will ensure that the jury will not see an exhibit until the court has admitted it into evidence.

The court DENIES Defendants' twelfth request without prejudice. The court will enforce the limitations on evidence of prior bad acts found in Fed. R. Evid. 404. Beyond that, the Defendants' motion provides the court with no specific evidence on which to base a ruling.

The court GRANTS Defendants' thirteenth request. No party shall mention these motions in limine to the jury.

**V.    Defendants' Motion to Exclude William Skilling**

The court DENIES this motion (Dkt. # 168). Mr. Skilling may testify regarding Mr. Moore's job opportunities during the time he was unemployed. To the extent that

---

[3] At the insistence of the court's law clerk, who is what the court will refer to as a "math geek," the court notes that the word "hyperbolae" is the plural of "hyperbola," which is the term for the locus of points on a plane for which the difference of the distances from two fixed points is constant. "Hyperbolae" are formed by certain intersections of a plane with a right circular cone. "Hyperbole" is formed when a person (often, but not necessarily, an attorney) engages in gross exaggeration.

ORDER – 7

such evidence also bears on Mr. Moore's emotional distress, it is also admissible, although Mr. Skilling may not opine on Mr. Moore's emotional distress.

## VI.  Defendants' Motion to Strike

The court DENIES this motion (Dkt. # 203), as there is no indication that Plaintiffs' inclusion of evidence for the first time in their reply brief caused Defendants any prejudice.

## VII.  Conclusion

As stated above, the court rules as follows:

The court DENIES four of the pending motions (Dkt. ## 168, 170, 179, 203).

The court GRANTS in part and DENIES in part two of the pending motions (Dkt. ## 166, 172).

In addition, Defendants' erroneous designation of two pleadings as "sealed motions" has led to those pleadings being noted as motions on the court's calendar (Dkt. ## 181, 182)  Accordingly, the court directs the clerk to remove those documents from the court's motions calendar.

Dated this 14th day of September, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 8