UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KERRY MOORE and KELLIE MOORE,

    Plaintiffs,

    v.

KING COUNTY FIRE PROTECTION DISTRICT NO. 26, et al.,

    Defendants.

CASE NO. C05-442JLR

ORDER

    The court has reviewed Defendants' motion for reconsideration (Dkt. # 214). Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.  Because Defendants have not made either showing with regard to the court's ruling on the parties' motions in limine (Dkt. # 213), the court DENIES the motion for reconsideration (Dkt. # 214).

    Defendants' motion concerns their ability to discuss the collective bargaining agreement ("CBA") to which Mr. Moore was a party.  As the court stated in its prior ruling, Defendants may not argue that their termination of Mr. Moore complied with the CBA, nor may Plaintiffs argue that the termination did not comply with the CBA. Indeed, the court expects Plaintiffs to concede that "excessive absenteeism" is a

ORDER – 1

legitimate reason for terminating an employee, although they will argue that "excessive absenteeism" is merely a pretextual reason for Mr. Moore's allegedly unlawful termination, and/or that Mr. Moore's absenteeism was not "excessive" given his alleged disability.  Because no one is likely to argue that it is not legitimate to terminate an employee for excessive absenteeism, and because there is no dispute that Mr. Moore missed many days of work, the court found that permitting testimony regarding the CBA would merely introduce a marginally relevant and time-consuming issue to the jury.  The court reiterates that ruling here.

If Plaintiffs argue or suggest that "excessive absenteeism," in general, is not a legitimate basis for terminating Mr. Moore, then the court will revisit its ruling regarding the CBA.  Barring extraordinary circumstances, however, the court will not permit testimony regarding whether union representatives believed that Mr. Moore's termination complied with the CBA, or whether Mr. Moore grieved his termination.  The court finds this evidence is likely to confuse the jury, mislead it, or waste its time, and that these considerations substantially outweigh the marginal relevance of the evidence.

Dated this 18th day of September, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 2